**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED

APR 1 6 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                    **INDICTMENT NO.** 26-46-GFVT-MAS

                                         5:26-mj-00266-DUTY

**ANDREW SELVA**

                    *    *    *    *    *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 846**

Beginning in or about a date in April 2024, the exact date unknown, and continuing through on or about November 4, 2025, in Clark County, in the Eastern District of Kentucky, and elsewhere,

**ANDREW SELVA**

did conspire with others to knowingly and intentionally distribute controlled substances,

to include clonazolam, a Schedule I controlled substance, and to include 500 grams or

more of a mixture or substance containing a detectable amount of methamphetamine, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 841**

On or about May 12, 2025, in Clark County, in the Eastern District of Kentucky,

and elsewhere,

**ANDREW SELVA,**

aided and abetted by others, did knowingly and intentionally distribute 500 grams or more

of a mixture or substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
### 21 U.S.C. § 841

On or about October 20, 2025, in Clark County, in the Eastern District of Kentucky,

and elsewhere,

**ANDREW SELVA,**

aided and abetted by others, did knowingly and intentionally distribute 500 grams or more

of a mixture or substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 4
### 18 U.S.C. § 1956(h)

Beginning in or about a date in April 2024, the exact date unknown, and continuing

through on or about November 4, 2025, in Laurel County, in the Eastern District of

Kentucky, and elsewhere,

**ANDREW SELVA**

did knowingly conspire and agree with other persons known and unknown to the Grand

Jury to commit offenses against the United States, in violation of 18 U.S.C. § 1956, to

wit: to knowingly conduct and attempt to conduct financial transactions affecting

interstate commerce, which transactions involved the proceeds of specified unlawful

activity, that is, drug trafficking in violation of 21 U.S.C. §§ 841(a) and 846 in the Eastern District of Kentucky and elsewhere, with the intent to promote the carrying on of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), all in violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 982(a)(1)

1.      By virtue of the commission of the felony offenses alleged in Counts 1 - 3 of the Indictment, **ANDREW SELVA** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 841 or 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. §§ 841 or 846. Any and all interest that **SELVA** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.      By virtue of the commission of the offense alleged in Count 4 of the Indictment, **ANDREW SELVA** shall forfeit to the United States any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to

such property. Any and all interest that **SELVA** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

3. The property to be forfeited includes, but is not limited to, the following:

## MONEY JUDGMENT

A forfeiture money judgment representing the amount of proceeds that the Defendant obtained as a result of the violations alleged in this Indictment and/or representing the value of property used to commit and/or facilitate the commission of the violations alleged herein.

## CASH/CURRENCY:

Approximately $13,000 in U.S. currency seized from 3461 W. La Cadena Drive, Apt. 204, Riverside, CA 92501.

## FIREARMS AND RELATED ACCESSORIES AND AMMUNITION:

The following items seized from 3461 W. La Cadena Drive, Apt. 204, Riverside, CA 92501:

1. FN Five-Seven handgun, serial number 386420492

2. Spike's Tactical Model STZ-HAVOC 37MM Launcher

3. Star Bonifacio SA Model handgun, serial number 1439109

4. Various ammunition and magazines

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

█████████████████████████████

FOREPERSON


JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY


GREGORY ROSENBERG
ASSISTANT UNITED STATES ATTORNEY

# PENALTIES

**COUNTS 1-3:**   Not less than 10 years nor more than life imprisonment, a fine of not more than a $10,000,000, and at least 5 years supervised release.

**COUNT 4:**   Not more than 20 years imprisonment, a fine of not more than $500,000 or twice the gross gain or loss, and not more than 3 years supervised release.

**PLUS:**   Mandatory special assessment of $100 per count.

**PLUS:**   Restitution, if applicable.